UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAMARY CARRASQUILLO-ROMERO<br>    Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| APPLE AUTOMOTIVE LLC and<br>SANTANDER CONSUMER USA INC.<br>    Defendants | : | SEPTEMBER 23, 2015 |

**COMPLAINT**

**I. INTRODUCTION**

1.      This is a suit brought by a consumer regarding the purchase and sale of a motor vehicle pursuant to a retail installment sales contract.  Plaintiff, Samary Carrasquillo-Romero ("Plaintiff"), brings this action to recover actual damages, statutory damages, punitive damages and reasonable attorney's fees and costs from Defendants Apple Automotive LLC ("Apple Auto") and Santander Consumer USA Inc. ("Santander"). The Plaintiff claims that Apple Automotive LLC has violated the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"), and for breach of warranty under the Uniform Commercial Code and the Magnuson Moss Warranty Act, Conn. Gen. Stat. § 15 U.S.C. § 2301 *et seq.* ("Magnuson-Moss").  Plaintiff also claims against Santander Consumer USA Inc. ("Santander"), the assignee of the retail installment sales contract for the purchase of the vehicle.

## II. PARTIES

2. Plaintiff is a consumer and natural person residing in Meriden, Connecticut.

3. Defendant Apple Auto is a Connecticut limited liability company that operates an automobile dealership in Wallingford, Connecticut.

4. Defendant Santander is an Illinois corporation with principal offices in Dallas, Texas.

## III. JURISDICTION

5. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. This court has jurisdiction over Apple Auto because it is a Connecticut limited liability company that regularly conducts business in this state.

7. The Court has jurisdiction over Santander because it regularly conducts business in Connecticut.

8. Venue in this court is proper, because the Plaintiff resides in Connecticut, and the claims involve a transaction that occurred in Connecticut.

## IV. FACTUAL ALLEGATIONS

9. On June 11, 2015, Plaintiff visited Apple Auto for the purpose of purchasing a vehicle.

10. Plaintiff agreed to purchase a 2011 Chevrolet Traverse (the "Vehicle") from Apple Auto and she paid a down payment of $2,000 to Apple Auto.

11. Plaintiff also traded in a 1991 Nissan Quest which was valued at approximately $900.

12. Apple Auto told Plaintiff that it would give her a trade-in allowance of $3,000 for the Nissan Quest.

13. The window sticker on the Vehicle at the time of purchase indicated that the Vehicle had approximately 50,000 miles, although it had approximately 81,000 miles at the time of sale.

14. Apple Auto prepared a Retail Purchase Order and Retail Installment Contract (the "Contract") for the purchase of the Vehicle.

15. The Contract indicated a cash price of $20,546.36.

16. The Contract listed a cash down payment of $5,000.00, even though Plaintiff was requested to pay only $2,000, and that is all that she paid.

17. The Contract did not include any allowance for the trade-in.

18. Because Apple Auto included a false $3,000 cash down payment and did not list this as the amount allowed for the trade-in, Plaintiff was required to pay an additional $190.50 in sales tax on the transaction.

19. The Contract was assigned to Santander.

20. After Plaintiff took delivery of the Vehicle, she noticed that the third row center seat belt was broken and that the second row center seat belt was not operating properly in that it would not easily retract.

21. Plaintiff accepted delivery of the Vehicle unaware of the defects in the seat belts.

22. The defects in the safety belts would have been apparent and obvious to any automotive professional performing a safety inspection on the vehicle.

23. Apple Auto failed to perform a safety inspection of the Vehicle and failed to provide Plaintiff with a Connecticut K-208 Form.

## V. CAUSES OF ACTION

### A. TRUTH IN LENDING ACT

24. Plaintiff incorporates paragraphs 1 through 23.

25. Apple Auto violated TILA by inaccurately itemizing the amount financed in that it overstated the down payment paid by Plaintiff.

26. Apple Auto further violated TILA by failing to include the trade-in allowance on the Contract and by listing a false $3,000 cash payment.

27. The additional sales tax that Plaintiff paid should have been disclosed as a finance charge, because Apple Auto had manipulated the figures in order to persuade Santander to accept assignment of the Contract, and this additional payment was an incident of financing that would not have been charged to a cash purchaser.

28. Apple Auto is liable to Plaintiff for statutory damages of $2,000, actual damages of $190.50, plus a reasonable attorney's fee.

### B. CONNECTICUT UNFAIR TRADE PRACTICES ACT

29. Apple Auto violated CUTPA by failing to provide Plaintiff with a Connecticut inspection Form K-208.

30. Apple Auto further violated CUTPA and by failing to perform a safety inspection on the Vehicle or, if it did perform a safety inspection, by selling the Vehicle notwithstanding that it had two defective seat belts.

31. Apple Auto further violated CUTPA by placing a sticker on the Vehicle that misstated the Vehicle's mileage, misleading Plaintiff into believing that the Vehicle had fewer miles than the actual odometer reading.

32. Plaintiff has suffered an ascertainable loss of money or property due to Apple Auto's CUTPA violations, entitling her to damages, and in the discretion of the Court, statutory punitive damages.

### C. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

33. The Vehicle would not pass in trade without objection at the time of sale, and Apple Auto violated the implied warranty of merchantability.

34. Plaintiff gave Apple Auto a reasonable opportunity to repair the defective seat belts, but it refused to make repairs unless Plaintiff paid for the cost of the repairs.

35. Apple Auto is liable to Plaintiff for breach of the implied warranty under Conn. Gen. Stat. § 42a-2-314 and Magnuson-Moss, 15 U.S.C. § 2310.

### D. SANTANDER'S LIABILITY AS ASSIGNEE

36. Santander, as the assignee of the Contract, is subject to all claims that can be asserted under the contract up to the amount paid under the contract.

Wherefore, Plaintiff claims statutory damages, actual damages, punitive damages, and a reasonable attorney's fee.

>PLAINTIFF, SAMARY CARRASQUILLO-ROMERO
>
>By: /s/ *Daniel S. Blinn*
>　　Daniel S. Blinn (ct02188)
>　　Consumer Law Group, LLC
>　　35 Cold Spring Rd. Suite 512
>　　Rocky Hill, CT  06067
>　　Tel. (860) 571-0408
>　　Fax. (860) 571-7457
>　　dblinn@consumerlawgroup.com